IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRYAN LOWERY,

Defendant.                                              No. 07-30181-DRH

ORDER

**HERNDON, Chief Judge:**

Now before the Court are a letter and a motion for disposition of warrant application filed with the court (Doc. 33).[1] After review of both the letter and the motion, the Court is uncertain as to what type of relief Lowery is seeking from this Court. The motion states that he is seeking a court to "grant a disposition of stated warrant application, in '**abstentia**,' ... " and "to proceed in the adjudication of said stated case filed with the court in absentia, and to run stated time currently with petitioner federal case number he is serving within the United States Bureau of Prisons. .." On June 20, 2008, the Court sentenced Lowery to 36 months imprisonment on Counts 1, 2 and 3, to run concurrently (Doc. 25). Judgment reflecting the same was entered that same day (Doc. 26).[2] Lowery did not appeal his

---

[1] The Court notes that it received these pleadings from the Eastern District of Missouri. The caption of the motion reads "Circuit Court In the 22nd Judicial Circuit of St. Louis, Missouri." It is not clear to this Court why the pleadings were sent to this Court and it does not appear that Lowery intended to file these pleadings with this Court.

[2] An amended judgment was entered on July 15, 2008 (Doc. 31).

conviction or sentence. Based on the following, the Court dismisses for want of jurisdiction Lowery's motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Lowery does not cite any case law or statute which allows the Court to consider his motion. **Rule 35** is inapplicable because this motion is brought 13 months *after* the sentencing and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Lowery could bring this motion is a **§ 2255** collateral attack. Based on the case law, the Court must treat a

post-judgment motion as a collateral attack if it meets the description of § 2255. ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**. After reviewing the pleading, it is not clear to the Court that Lowery intends to purse a collateral attack as to his criminal conviction and sentence in this case.[3] Because the Court finds that Lowery's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court dismisses for want of jurisdiction Lowery's motion for disposition of warrant application filed with the court (Doc. 33).

**IT IS SO ORDERED.**

Signed this 30th day of July, 2009.

/s/      David R Herndon
**Chief Judge
United States District Court**

---

[3] In the event that Lowery' wishes to file a collateral attack as to this criminal case, the Court advises Lowery to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.