**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA**,

     **Plaintiff,**

**v.**

**BRYAN LOWERY,**

     **Defendant.**                  **Case No. 07-30181-DRH**

**<u>ORDER</u>**

**HERNDON, Chief Judge:**

     Now before the Court is defendant Bryan Lowery's Motion to Apply Jail Time Credit (Doc. 35).[1]  Lowery seeks credit for the time he spent in the custody of the Fayette County Jail, from December 4, 2007 through June 30, 2008, as applied to his federal sentence.  The attached exhibits indicate that during this time period, Fayette County Jail was holding Defendant for the United States Marshal Service.  Defendant moves pursuant to **18 U.S.C. § 3568**[2] and cites ***Kayfez v. G.R. Gasele***, **993 F.2d 1288 (7th Cir. 1993)**.

---

    [1]The Court notes that the "Motion" is actually a letter from Defendant, addressed to Chief Judge Herndon, which contains a request for jail time credit.

    [2]  However, the Court believes Defendant intended to move pursuant to **18 U.S.C. § 3585** instead, as **§ 3568** was repealed by **§ 3585**.  Further, the exhibits he attaches in support of his Motion also reference **§ 3585**.

On June 20, 2008, the Court sentenced Lowery to 36 months imprisonment on Counts 1, 2 and 3, to run concurrently (Doc. 25). Judgment reflecting the same was entered that same day (Doc. 26).[3] Lowery did not appeal his conviction or sentence. It appears that Defendant is challenging his federal sentence, but as the Court recently explained in its July 30, 2009 Order denying Defendant's Motion for Disposition of Warrant Application (Doc. 33), "[o]nce a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule." (Doc. 34, p. 2, citing **Carlisle v. United States, 517 U.S. 416 (1996)**).

In this case, it appears that Defendant seeks application of jail time credit, or credit for prior custody, under **18 U.S.C. § 3585(b)**. *See U.S. v. Koller,* **956 F.2d 1408, 1417 (7th Cir. 1992)**. Credit to a federal sentence on the basis of time previously served, which is authorized by **§ 3585(b)**, cannot be calculated at the time of sentencing. *See United States v. Wilson,* **503 U.S. 329, 334 (1992)**. As noted in **Koller**, **§ 3585** credit must first be sought administratively. The statute contemplates computation of the credit by the Attorney General after the sentence has commenced. "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." **Wilson, 503 U.S. at 335**. Requests for credit for time previously served must be made initially through the Bureau of Prisons' ("BOP") administrative

---

[3]An amended judgment was entered on July 15, 2008 (Doc. 31).

channels, which are governed by federal regulation. *Id*. Prisoners may seek judicial review of the BOP computation in a district court only "after exhausting their administrative remedies." *Id.* A district court thereafter has jurisdiction to review the administrative decision pursuant to **28 U.S.C. § 2241**. *Koller*, **956 F.2d at 1417;** *see also Romandine v. United States*, **206 F.3d 731, 736 (7th Cir. 2000)**.

A habeas petition brought pursuant to **28 U.S.C. § 2241** is a civil matter. Federal courts do not sit in supervisory roles over the Bureau of Prisons, which is operated by a different branch of the government. Likewise, a federal judge cannot simply write a letter to a warden to tell him how to run his prison. A judge can only act when there is a proper case or controversy before him, filed in the ordinary course of court business. Here, Defendant has not filed a civil case. He has filed what the Clerk of Court properly construed to be two Motions in his criminal case (Docs. 33 & 35). Perhaps Defendant believed he could get by without paying the requisite fee for filing a habeas petition or that a federal judge, such as the undersigned, could just write a letter to the warden commanding a certain result. Neither ploy works. Thus, such relief cannot be entertained by the instant Motion.

At this point, the Court would also like to clarify that it is in no way stating that Defendant's claim for jail time credit has merit. It makes no finding regarding the merits of Defendant's request for jail time credit one way or the other. The Court merely finds that it has no jurisdiction to consider such a motion as filed in the criminal case and that such request would more appropriately be brought via

a civil habeas petition, **28 U.S.C. § 2241**.   For the reasons as stated herein, Defendant's Motion To Apply Jail Time Credit (Doc. 35) is hereby **DENIED**.

     **IT IS SO ORDERED.**

     Signed this 22nd day of October, 2009.

          /s/   *David R Herndon*

          **Chief Judge**
          **United States District Court**